**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION**

X.AI LLC, X.AI HOLDINGS LLC, and X CORP.,

    *Plaintiffs*,

  v.

ASHLEY ST. CLAIR,

    *Defendant*.

Case No. 7:26-cv-00005-O

**FIRST AMENDED
COMPLAINT**

## INTRODUCTION

1.  This is a straightforward case involving inarguable breaches of contract by the Defendant, Ashley St. Clair.

2.  Plaintiffs X.AI LLC ("xAI LLC") and X.AI Holdings LLC ("xAI Holdings LLC") (together, "xAI") operate various technologies, including the generative AI chatbot known as Grok. Plaintiff X Corp. operates the X (formerly Twitter) social media platform in the United States.

3.  Defendant Ashley St. Clair signed up for xAI and X accounts.

4.  Upon signing up for xAI and X accounts, and by using those accounts, Defendant agreed to the xAI Terms of Service and X Terms of Service.

5.  The xAI Terms of Service and X Terms of Service obligate Defendant to bring *any* disputes between herself and xAI, or disputes concerning or relating to the X platform or content on X, exclusively in federal or state court in Texas.

6.  Notwithstanding these clear agreements to litigate in Texas, Defendant nonetheless has sued xAI some 1,600 miles away in state court in New York.

7.      Plaintiffs bring this action to secure a declaration that Defendant's actions in commencing the New York suit constitute a violation of the forum-selection clauses in the xAI Terms of Service and X Terms of Service, injunctive relief to stop Defendant from infringing Plaintiffs' rights under the xAI Terms of Service and X Terms of Service, and monetary damages, including reasonable attorney's fees incurred in defending the New York action and in obtaining relief from that action in this case.

## PARTIES

8.      Plaintiff xAI LLC is a limited liability company formed under the laws of Nevada, with its principal place of business in Palo Alto, California.  Its sole member is X.AI Corp. ("xAI Corp."), a Nevada corporation with its principal place of business in Palo Alto, California.

9.      Plaintiff xAI Holdings LLC is a limited liability company formed under the laws of Nevada, with its principal place of business in Palo Alto, California.  xAI Holdings LLC is an indirect parent company of xAI LLC and the successor-in-interest to xAI Holdings Corp.

10.     Plaintiff X Corp. is a corporation formed under the laws of Nevada, with its principal place of business in Bastrop, Texas.  Its indirect parent company is Plaintiff xAI Holdings LLC.

11.     On information and belief, Defendant Ashley St. Clair is a resident and citizen of New York, New York.

## JURISDICTION AND VENUE

12.     This Court has subject matter jurisdiction over the matter pursuant to 28 U.S.C. § 1332.  There is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000.

13.    As set forth above, on information and belief, Defendant is a citizen of New York.

14.    Plaintiff xAI LLC is a Nevada limited liability company with its principal place of business in Palo Alto, California.  Its sole member is xAI Corp., a Nevada corporation with its principal place of business in Palo Alto, California.

15.    Plaintiff xAI Holdings LLC is a Nevada limited liability company with its principal place of business in Palo Alto, California.  Its sole member is Space Exploration Technologies Corp., a Texas corporation with its principal place of business in Texas.

16.    Plaintiff X Corp. is a Nevada corporation with its principal place of business in Bastrop, Texas.

17.    Plaintiffs seek damages for breach of forum-selection clauses, including attorney's fees incurred in defending against an action in the wrong forum.  Given that such attorney's fees will easily exceed (and already have exceeded) $75,000, the amount-in-controversy requirement in 28 U.S.C. § 1332 is met.  In addition, the costs of compliance with a preliminary injunction Defendant seeks in the wrong forum also exceed $75,000.

18.    The Court has personal jurisdiction over Defendant by virtue of her agreement to litigate all disputes with xAI, X Corp., and their affiliates in this State.

19.    Venue is proper pursuant to the forum-selection clauses in xAI's and X Corp.'s agreements with Defendant, and pursuant to 28 U.S.C. § 1391(b)(3).

## FACTUAL ALLEGATIONS

### I.    Defendant Assented to the xAI Terms of Service

20.    xAI LLC owns and operates the generative AI chatbot, Grok.

21.    Grok is an AI Assistant and AI companion that provides unfiltered answers with advanced capabilities in reasoning, coding, and visual processing.

3

22.     Grok offers real-time search, image generation, trend analysis, and more.

23.     Grok is accessible through a website (grok.com), phone application, a tab on the X platform ("Grok-in-X"), or by querying the @grok account on X.

24.     Users can sign up for an xAI account in several different ways, including signing up by using an email address, a Google account, an Apple account, or an X account.

25.     Defendant signed up for an xAI account on December 10, 2024, through her X account.

26.     To sign up for an xAI account, Defendant was required to manifest assent to the xAI Terms of Service.

27.     Since at least December 10, 2024, to the present, those creating an xAI account have been presented with a webpage that states, "[b]y continuing, you agree to xAI's **Terms of Service** and **Privacy Policy**" ("Agreement Statement") (emphasis in original).

28.     In the Agreement Statement at the time Defendant signed up for an xAI account, the xAI Terms of Service and Privacy Policy were bolded and hyperlinked.

29.     No one may create an xAI account without being taken to the webpage containing the Agreement Statement.

30.     A true and accurate picture of the webpage containing the Agreement Statement, at the time Defendant signed up for an xAI account, is below:



31.    At the time Defendant created her xAI account, the xAI Terms of Service

provided that "[y]our continued use of the Service after any change to these Terms constitutes

your acceptance of the new Terms of Service."

32.    At the time Defendant created her xAI account, the xAI Terms of Service defined

the term "Service" to include Grok.

33.    Since signing up for her xAI account, Defendant has used xAI LLC's Service, including Grok, on multiple occasions, including as recently as January 2026.

34.    Attached as Exhibit A is a true and correct copy of the November 4, 2025, xAI Terms of Service in effect at the time Defendant most recently used xAI LLC's Service.

35.    At the time Defendant most recently used xAI LLC's Service, the xAI Terms of Service contained choice-of-law and forum-selection clauses stating as follows:

> **Governing Law; Jurisdiction and Venue.**  The laws of the State of Texas, excluding its choice of law provisions, will govern these Terms and any dispute that arises between you and us, notwithstanding any other agreement between you and us to the contrary.  *Notwithstanding any other agreement to the contrary, all disputes related to these Terms, the Service, or any patents – including without limitation disputes related to or arising from any Content (whether your or others' Content), or your or others' use of the Service or the complete or partial termination thereof – shall be brought and must proceed exclusively in the federal U.S. District Court for the Northern District of Texas or state courts located in Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum*.  For the avoidance of doubt, the choice of law and forum selection provisions of this paragraph shall apply regardless of whether a dispute or any claims contained therein are based in contract, tort, statute, common law, or otherwise, and the choice of law and forum selection provisions of this paragraph shall apply to pending and future disputes and shall apply to your dispute regardless of when the conduct relating to the dispute arose or occurred.  The choice of law and forum selection provisions of this paragraph shall also extend to disputes involving our U.S. corporate affiliates, who are intended third-party beneficiaries of this paragraph.  Without prejudice to the foregoing, you agree that, in its sole discretion, xAI may bring any claim, cause of action, or dispute we have against you in any competent court in the country in which you reside that has jurisdiction and venue over the claim.
>
> [Emphasis added]

## II.    Defendant Assented to the X Terms of Service

36.    X Corp. operates the X social media platform in the United States.

37.    Defendant created an account on X on November 12, 2014.

38.    Defendant's account handle is @StClairAshley.

39.    A handle is a unique username used to identify an X account.

40.    The X Terms of Service effective from November 15, 2024, to January 15, 2026, are available online at https://x.com/en/tos/previous/version_20.

41.    Attached as Exhibit B is a true and correct copy of the X Terms of Service that were effective from November 15, 2024, to January 15, 2026.

42.    The X Terms of Service effective as of January 15, 2026, are available online at https://x.com/en/tos/previous/version_21.

43.    Attached as Exhibit C is a true and correct copy of the X Terms of Service effective as of January 15, 2026.

44.    When X Corp. changed its Terms of Service to the November 15, 2024 and January 15, 2026 iterations, it sent all users in-app prompts through the X platform notifying them of the revised terms.

45.    An in-app prompt is a pop-up message that appears on the X application that a user is prompted to view and/or click through.

46.    On October 24, 2024, at approximately 5:57 PM, Defendant clicked the "Got It" button on the in-app prompt she received on the X application.

47.    By clicking the "Got It" button on the in-app prompt on October 24, 2024, Defendant assented to the X Terms of Service that became effective on November 15, 2024.

48.    On December 16, 2025, at approximately 11:37 AM, Defendant clicked the "Got It" button on the in-app prompt she received on the X application.

49.    By clicking the "Got It" button on the in-app prompt on December 16, 2025, Defendant assented to the X Terms of Service that became effective on January 15, 2026.

7

50.     Both the November 15, 2024, and January 15, 2026, iterations of the X Terms of Service provided that, "[b]y continuing to access or use the Services after those revisions become effective, you agree to be bound by the revised Terms."

51.     In both the November 15, 2024, and January 15, 2026, iterations of the X Terms of Service, the term "Services" was defined to include the X platform.

52.     Defendant's @StClairAshley X account used and/or accessed the X platform multiple times before January 15, 2026, as well as on or after that date.

53.     The X Terms of Service that became effective on November 15, 2024, contained choice-of-law and forum-selection clauses stating as follows:

> The laws of the State of Texas, excluding its choice of law provisions, will govern these Terms and any dispute that arises between you and us, notwithstanding any other agreement between you and us to the contrary. ***All disputes related to these Terms or the Services, including without limitation disputes related to or arising from other users' and third parties' use of the Services and any Content made available by other users and third parties on the Services, will be brought exclusively in the U.S. District Court for the Northern District of Texas or state courts located in Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum.*** Without prejudice to the foregoing, you agree that, in its sole discretion, X may bring any claim, cause of action, or dispute we have against you in any competent court in the country in which you reside that has jurisdiction and venue over the claim. To the extent permitted by law, you also waive the right to participate as a plaintiff or class member in any purported class action, collective action or representative action proceeding.
>
> [Emphasis added]

54.     The X Terms of Service that became effective on January 15, 2026, contained choice-of-law and forum-selection clauses stating as follows:

> The laws of the State of Texas, excluding its choice of law provisions, will govern these Terms and any dispute that arises between you and us, notwithstanding any other agreement between you and us to the contrary. ***Notwithstanding any other agreement to the contrary, all disputes related to these Terms, the Services, or any patents — including without limitation***

*disputes related to or arising from any Content (whether your or others' Content), or your or others' use of the Services or the complete or partial termination thereof — shall be brought and must proceed exclusively in the federal or state courts located in Tarrant County, Texas, United States, and you consent to personal jurisdiction in those forums and waive any objection as to inconvenient forum*. For the avoidance of doubt, the choice of law and forum selection provisions of this paragraph shall apply regardless of whether a dispute or any claims contained therein are based in contract, tort, statute, common law, or otherwise, and the choice of law and forum selection provisions of this paragraph shall apply to pending and future disputes and shall apply to your dispute regardless of when the conduct relating to the dispute arose or occurred. The choice of law and forum selection provisions of this paragraph shall also extend to disputes involving our U.S. corporate affiliates, who are intended third-party beneficiaries of this paragraph. Without prejudice to the foregoing, you agree that, in its sole discretion, X may bring any claim, cause of action, or dispute we have against you in any competent court in the country in which you reside that has jurisdiction and venue over the claim.

[Emphasis added]

### III.   Defendant Breached the xAI and X Terms of Service

55.   Despite Defendant's agreement to bring suit against xAI, X Corp., and their affiliates, *only* in Texas, on January 14, 2026, an attorney for Defendant, Carrie Goldberg, e-mailed legal@x.ai purporting to "notif[y]" an unspecified xAI entity of Defendant's intent to file an ex parte application for a Temporary Restraining Order against an unspecified xAI entity in New York Supreme Court, New York County. Ms. Goldberg stated that the filing would be made the following day at 1:30 PM—but did not provide any court papers at that time.

56.   At 1:55 PM on January 14, 2026, counsel for Plaintiffs asked Ms. Goldberg to "provide [the] TRO papers . . . as soon as possible and at all events before close of business today." Ms. Goldberg did not send Plaintiffs' counsel any papers until 9:43 PM that night.

57.   Ms. Goldberg provided a draft Complaint the next day naming xAI Holdings Corp. as the defendant in the threatened New York action.

9

58.     That same day, January 15, 2026, Defendant initiated an action in New York

Supreme Court, but only *after* xAI LLC and xAI Holdings Corp. filed suit in this Court based on

Defendant's threatened (and now effectuated) breach of the forum-selection clauses in her

agreements with xAI LLC and X Corp.

59.     The lawsuit that Defendant initiated in New York was removed to the Southern

District of New York.  *See St. Clair v. X.AI Holdings Corp., et al.*, No. 1:26-cv-00386-ALC

(S.D.N.Y.).

60.     That lawsuit asserts that xAI failed to prevent its chatbot, Grok (deployed on the

X platform), from generating and disseminating explicit images of Defendant on X.

61.     That lawsuit relates to or arises out of the X Services or Content on X (as those

terms are defined in the X Terms of Service).

62.     That lawsuit claims that "Ms. St. Clair's claims are concerned with Grok's

***integration into X*** and its own output it ***publishes on X***."  First Amended Complaint, *St. Clair v.*

*X.AI Holdings Corp., et al.*, No. 1:26-cv-00386-ALC (S.D.N.Y. Feb. 3, 2026), Dkt. 36, ¶ 23

(emphasis added); *see also id.* ¶ 7 ("Defendants are directly liable for the harassment and explicit

images created by its own chatbot, Grok, and ***disseminated on its own platform, X***." (emphasis

added)); *id.* ¶ 81 (alleging that "X" unexplainedly "removed Ms. St. Clair's Premium

subscription, her verification checkmark, and demonetized her account by banning her from the

monetization and subscriber program"); *id.* ¶ 166 ("The deepfake images depicting Plaintiff that

Defendants created via Grok and ***published via X*** are falsehoods." (emphasis added)).  A true

and correct copy of the operative complaint in the New York litigation is attached as Exhibit D.

63.     There is currently a pending motion to transfer that lawsuit to this Court, in

accordance with the xAI and X Terms of Service.

64. Defendant has resisted and continues to resist transferring the New York action to this Court.

65. Plaintiffs bring this suit to enforce their contractual right to have any disputes between them and those who use the xAI and X platforms in their chosen forum.

66. In connection with enforcing their contractual rights, Plaintiffs have expended well over $75,000 in attorney's fees in seeking to transfer the New York action and prosecuting this action.

## CAUSES OF ACTION

### Count I: Breach of Contract/Anticipatory Repudiation (xAI Terms of Service)

67. Plaintiffs incorporate the allegations of paragraphs 1 through 66 above.

68. The November 4, 2025, xAI Terms of Service constitute a valid and enforceable contract. Plaintiff xAI LLC has performed under that contract, including by making its platform available to Defendant, and Plaintiff xAI LLC has not materially breached the contract.

69. Plaintiff xAI Holdings LLC is an expressly designated third-party beneficiary under the above-quoted section of the xAI Terms of Service regarding "Governing Law; Jurisdiction and Venue."

70. Defendant has breached the xAI Terms of Service either by suing xAI LLC (or xAI Holdings Corp. or X.AI Corp., expressly designated third-party beneficiaries of those Terms of Service), in New York in violation of the forum-selection clause contained in the xAI Terms of Service or, in the alternative, through her words and conduct repudiating and unambiguously indicating an intention to refuse performance on her contractual obligations, including by threatening to file (and filing) a lawsuit against xAI LLC, xAI Holdings Corp., and X.AI Corp. in New York in violation of the forum-selection clause.

11

71.     Plaintiffs have suffered damages as a result of Defendant's breaches, including, but not limited to, loss of time, extra efforts and costs expended, loss of a contractually agreed-upon forum for resolution of disputes, and attorney's fees.

72.     Plaintiffs are therefore entitled to contractual monetary damages against Defendant, including attorney's fees, in an amount exceeding $75,000.

### Count II: Breach of Contract (X Terms of Service)

73.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above.

74.     The X Terms of Service constitute a valid and enforceable contract between Defendant and X Corp.

75.     Both the November 15, 2024, and January 15, 2026, iterations of the X Terms of Service provide that "all disputes" which are "related to" "the Services" (i.e., the X platform) and "any Content" on the X platform must be brought "exclusively" in Texas state or federal court.

76.     Plaintiff xAI Holdings LLC and xAI LLC are expressly designated third-party beneficiaries under the above-quoted section of the January 15, 2026, iteration of the X Terms of Service.

77.     Defendant has breached both the (i) November 15, 2024, X Terms of Service, and the (ii) January 15, 2026, X Terms of Service, through the commencement, maintenance, or pursuit of a lawsuit "relat[ing]" to or "arising from" the X Services or Content on X in New York, rather than in Texas.

78.     Plaintiffs have suffered damages as a result of Defendant's breaches, including, but not limited to, loss of time, extra efforts and costs expended, loss of a contractually agreed-upon forum for resolution of disputes, and attorney's fees.

79.     Plaintiffs are therefore entitled to contractual monetary damages against Defendant, including attorney's fees, in an amount exceeding $75,000.

### Count III: Declaratory Judgment (xAI Terms of Service)

80.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above.

81.     An actual case or controversy exists as to the rights, duties, and obligations of the parties under the xAI Terms of Service.

82.     Thus, Plaintiffs seek a declaratory judgment pursuant to the Court's authority under 28 U.S.C. § 2201 that the xAI Terms of Service are a valid, binding, and enforceable contract and that Defendant's commencement, maintenance, or pursuit of any dispute against Plaintiffs or any of their affiliates in any forum other than the state or federal courts of Texas is a violation of the xAI Terms of Service.

### Count IV: Declaratory Judgment (X Terms of Service)

83.     Plaintiffs incorporate the allegations of paragraphs 1 through 66 above.

84.     An actual case or controversy exists as to the rights, duties, and obligations of the parties under both the (i) November 15, 2024, X Terms of Service, and the (ii) January 15, 2026, Terms of Service.

85.     Thus, Plaintiffs seek a declaratory judgment pursuant to the Court's authority under 28 U.S.C. § 2201 that the (i) November 15, 2024, X Terms of Service, and the (ii) January 15, 2026, X Terms of Service are valid, binding, and enforceable contracts, and that Defendant's commencement, maintenance, or pursuit of any dispute against Plaintiffs or any of their affiliates in any forum other than the state or federal courts of Texas violates either or both of those Terms of Service.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiffs pray that the Court grant the following relief:

a.  A permanent injunction enjoining Defendant from commencing, maintaining, or pursuing any dispute against Plaintiffs or any of their affiliates in any forum other than the federal or state courts located in Tarrant County, Texas;

b.  A money judgment against Defendant in an amount to be determined at trial;

c.  A declaration that:

   a.  the November 4, 2025, xAI Terms of Service are a valid, binding, and enforceable contract;

   b.  the November 15, 2024, and January 15, 2026, X Terms of Service are valid, binding, and enforceable contracts;

   c.  Defendant's commencement, maintenance, or pursuit of any dispute against Plaintiffs or any of their affiliates in any forum other than the state or federal courts of Texas is a violation of the November 4, 2025, xAI Terms of Service; and

   d.  Defendant's commencement, maintenance, or pursuit of any dispute against Plaintiffs or any of their affiliates in any forum other than the state or federal courts of Texas is a violation of the November 15, 2024, and January 15, 2026, X Terms of Service;

d.  Pre- and post-judgment interest;

e.  Costs of the suit, including reasonable attorney's fees and expenses; and

f.  Such other relief as the Court deems equitable and proper.

Dated: May 20, 2026

/s/ Charles W. Fillmore
Charles W. Fillmore
Texas Bar No. 00785861
BROWN PRUITT WAMBSGANSS
DEAN FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, TX
Tel.: 817.333.4888
cfillmore@brownpruitt.com

/s/ Michael S. Shuster
**HOLWELL SHUSTER & GOLDBERG LLP**
Michael S. Shuster
Daniel M. Sullivan
Gregory J. Dubinsky
Brian T. Goldman
425 Lexington Ave., 14th Floor
New York, New York 10017
Tel: 646.837.5151
mshuster@hsgllp.com
dsullivan@hsgllp.com
gdubinsky@hsgllp.com
bgoldman@hsgllp.com

*Attorneys for Plaintiffs*

15