IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

X.AI LLC, ET AL.,

*Plaintiffs*,

v.

ASHLEY ST. CLAIR,

*Defendant.*

Case No. 7:26-CV-00005-O

**RULE 56(D) AFFIDAVIT OF ATTORNEY CARRIE GOLDBERG REGARDING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, CARRIE GOLDBERG, hereby declare on this 4th day of November, 2026, under penalties of perjury, which may include a fine or imprisonment, that the following is true and correct:

1. I am over the age of eighteen.
2. I am an attorney and the owner of C.A. Goldberg, PLLC, counsel for Defendant in the above-captioned matter. I have personal knowledge of all matters discussed herein.
3. I submit this declaration regarding Plaintiffs' November 2, 2026, Motion for Partial Summary Judgment (the "Motion") [ECF No. 65].
4. Plaintiffs have filed their Motion for Partial Summary Judgment prematurely, and therefore their Motion should be denied or, in the alternative, stayed until meaningful discovery can be conducted. Additionally, should the Court deny Defendant's request herein for relief pursuant to Rule 56(d), Defendant respectfully asks this Court to give her twenty-one (21) days from its disposition of that request to file her opposition to Plaintiffs' Motion.

5. Defendant now seeks relief under Rule 56(d) of the Federal Rules of Civil Procedure, which states: "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."

6. Requests under Rule 56(d) are "'broadly favored and should be liberally granted' because the rule is designed to 'safeguard non-moving parties from summary judgment motions that they cannot adequately oppose.'" *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010) (citing *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006)).

7. Federal District Courts in the State of Texas across all four judicial districts have applied the "prematurity doctrine" consistently, by denying or recommending denial of summary judgment motions filed before discovery has commenced or been meaningfully conducted. *See George v. Go Frac, LLC*, No. SA-15-CV-943-XR, 2016 WL 94146, at * 3 (W.D. Tex. Jan. 7, 2016) (holding that "[g]ranting summary judgment not just before discovery has been completed, but before it has even begun on this issue, would be premature"); *accord Wattiker v. Am. Auto Haulers, Inc.*, No. 3:22-CV-00324-N-BT, 2022 WL 4043186, at *1 (N.D. Tex. Sept. 2, 2022) (district court's final order adopting magistrate's recommendation that it deny without prejudice a motion for partial summary judgment as "premature" where the nonmoving party had not "had the chance to undertake meaningful discovery").

8. "A grant of summary judgment is premature and improper when basic discovery has not been completed, particularly when the moving party has exclusive access to the evidence necessary to support the nonmoving party's claims." *Phongsavane v. Potter*, No. SA-05-

CA-0219-XR, 2005 WL 1514091, at *5 (W.D. Tex. June 24, 2005); *accord Branham v. U.S. Bank National Association*, No. 4:26-CV-443-P, 2026 WL 2165879, at *1 (denying motion for summary judgment as premature and citing to *Phongsavane* in doing so).

9. In *George v. Go Frac, LLC*, for example, the court denied the defendant's motion for summary judgment as premature pursuant to Rule 56(d) on the basis that no discovery had been conducted in the case before the motion was filed. 2016 WL 94146, at *1.

10. The *George* court held that the defendant could refile its motion for summary judgment "once [plaintiff] has had an opportunity to conduct meaningful discovery[.]" *Id.* at *3.

11. Here, there has been no meaningful opportunity for discovery prior to Plaintiffs' premature filing for partial summary judgment, because there has been no discovery whatsoever in this case.

12. In fact, Defendant presently has outstanding discovery demands relating to material, disputed facts that were served on Plaintiffs prior to their filing for summary judgment. A true and exact copy of these demands is attached hereto as **Exhibit A**.

13. One key factual dispute, for example, relates to the creation of Defendant's xAI account: Defendant alleges that her account was created either by or at the discretion of xAI founder Elon Musk, *see* Def. Answer to FAC at ¶¶ 25–29, 93–94, 112, 118 [ECF No. 61].

14. Plaintiffs label this a "distraction," but they do not meaningfully engage with the factual dispute: who created St. Clair's account, under what conditions, and what effect those circumstances had on St. Clair's ability to view and assent to the Terms of Service.

15. Plaintiffs argue that "[t]he circumstances of St. Clair's sign-up in December 2024 cannot and do not change the undisputed evidence that when she signed up, she assented to the

Terms of Service pursuant to the sign-up page[.]" Pltf. Mem. Supp. Mot for Partial Summ. J. at 25 [ECF No. 66].

16. However, this skips a vital, disputed fact in the causal chain. Plaintiffs have not actually shown that Defendant signed up for xAI's services or assented to its Terms of Service.

17. The material dispute of fact is not what a general user "may" have done in December 2024, rather the material dispute is how ***St. Clair's particular account*** was created, and further whether Plaintiffs' contention, wholly unsupported by discovery and entirely reliant on materials in Plaintiffs' exclusive possession unavailable for Defendant's review absent an opportunity to conduct meaningful discovery, that the beta program did not "offer a back door" to accessing xAI's product once it was made available to the general public. *See* Pltf. Mem. Supp. Mot. for Partial Summ. J. at 24–25 [ECF No. 66].

18. St. Clair disputes this fact and represents that she never signed up for xAI and was able to access it after the public launch through the account created for her by or at the direction of Elon Musk. Absent the opportunity to conduct any discovery into these facts—facts regarding Plaintiffs' products that are in Plaintiffs' sole possession—St. Clair cannot meaningfully state her opposition to Plaintiffs' Motion, and thus it is premature.

19. A true and correct copy of St. Clair's signed affirmation on these points, filed in connection with the litigation in the Southern District of New York, *St. Clair v. x.AI Holdings Corp., et al.*, No. 1:26-cv-00386 (S.D.N.Y. 2026), is attached hereto as **Exhibit B**.

**Plaintiff Requires Further Discovery as to Material Issues of Fact**

20. As previously stated, "Rule 56(d) motions are generally favored and should be liberally granted." *Chenevert v. Springer*, 431 Fed.Appx. 284, 287 (2011).

21. The nonmovant is entitled to relief under Rule 56(d) if she demonstrates: "(1) why [s]he needs additional discovery, and (2) how the additional discovery will likely create a genuine issue of material fact." *Id.*

22. Where "the facts are too undeveloped to make the necessary factual findings with any certainty[,]" such that "further development might change the result" of a motion for summary judgment, such motion should be denied so that discovery may proceed. *Gabarick v. Laurin Maritime (America), Inc.*, 406 Fed.Appx. 883, 890 (2010).

23. In *Gabarick v. Laurin Maritime (America), Inc.*, for example, the parties disputed the existence and nature of any contractual relationship between them. 406 Fed.Appx. at 889. The nonmoving party had also raised an argument that, even if there were a valid contract, such contract should be declared void and therefore no liability shall attach thereunder. *Id.*

24. Additionally, the parties had not "had the opportunity to litigate the various disputed allegations regarding fault[.]" *Id.* Thus, the court reversed and remanded the lower court's granting of partial summary judgment in favor of the movant. *Id.* at 890.

25. Here, there are still material disputes of fact as to contract formation, validity and voidability of any such contract(s), and fault as to Plaintiffs' allegations of breach.

26. On August 7, 2026, the Parties in the present action stipulated to stay discovery until the outcome of the Motion to Dismiss. [ECF No. 53].

27. On October 20, 2026, the Court issued its decision on Defendant's Motion to Dismiss the First Amended Complaint. [ECF No. 60] Since that date, there has been no factual development at all in this case.

28. On November 1, 2026, Defendant filed an Answer (the "Answer") [ECF No. 61] to Plaintiffs' First Amended Complaint (the "FAC") [ECF No. 29]. A true and exact copy of Defendant's file-stamped Answer to Plaintiffs' FAC is attached hereto as **Exhibit C**.

29. In her Answer, Defendant denies that any contract exists between herself and Plaintiff xAI, Def. Answer to FAC at ¶¶ 91–94 [ECF No. 61], and between herself and Plaintiff X Corp., Def. Answer to FAC at ¶ 95 [ECF No. 61]. Further factual development is necessary as to the circumstances surrounding the formation of the alleged contracts, including but not limited to facts showing whether or not Defendant received reasonable notice to the Terms and whether she manifested her assent to such terms through her conduct, to resolve this question. Many of those facts are in Plaintiffs' exclusive possession, in the form of internal records and/or witness testimony, and therefore require meaningful discovery to resolve.

30. Defendant further raises several defenses in her Answer based in material facts that are presently in dispute and require further discovery to resolve that dispute regarding the enforcement, validity, obligations, voidability, and/or breach as to the alleged contracts between herself and Plaintiffs. *See* Def. Answer to FAC at ¶¶ 92–94 [ECF No. 61] (alleging that Defendant did not create her own xAI account and that her account was instead "created by, or under the direction of Elon Musk," so she never assented to xAI's terms); *see also* Def. Answer to FAC at ¶ 96 [ECF No. 61] (alleging ambiguity in the forum-selection provisions of Plaintiffs' terms of service); Def. Answer to FAC at ¶ 103 [ECF No. 61] (alleging no breach by Defendant of either Plaintiff's terms of service).

31. Defendant also raises a number of affirmative defenses based in material facts that are presently in dispute and require further discovery to establish (or disprove). *See* Def. Answer to FAC at ¶ 111 [ECF No. 61] (alleging unconscionability as to Plaintiffs' terms

of service, based in a lack of reasonably conspicuous notice of the terms Plaintiffs seek to enforce); Def. Answer to FAC at ¶ 117 [ECF No. 61] (alleging a prior material breach by Plaintiffs' as to their terms of service); Def. Answer to FAC at ¶ 118 [ECF No. 61](alleging Plaintiffs' breach of contract claims are barred by estoppel and waiver).

32. The Federal Rules of Civil Procedure are clear that, pursuant to Rule 8(d)(3), a party may "state as many separate claims or defenses as it has, regardless of consistency."

33. In light of the protections of Rule 8(d)(3), the *Gabarick* court expressly held that where there are "many and varied and contradictory pleadings" that are "in their infancy[,]" federal district courts in the State of Texas should deny a motion for summary judgment as premature to allow discovery on those contested issues to proceed. 406 Fed.Appx. at 890.

34. Accordingly, Defendant herein is entitled to such relief from Plaintiffs' premature Motion for Partial Summary Judgment under Rule 56(d).

35. For the foregoing reasons, Defendant respectfully requests that the Court deny Plaintiffs' Motion for Partial Summary Judgment or, in the alternative, stay its resolution pending further discovery. Should the Court deny this request, Defendant respectfully requests that she be granted twenty-one (21) days from the date of the Court's entry of its disposition of such requests to file her opposition to Plaintiffs' Motion.

Date: November 4, 2026
Brooklyn, New York

*/s/ Carrie Goldberg*
Carrie A. Goldberg, Esq. (*pro hac vice*)
C.A. GOLDBERG, PLLC
16 Court Street, 33rd Floor
Brooklyn, NY 11241
Tel: (646) 666-8908
carrie@cagoldberglaw.com
*Attorneys for Defendant Ashley St. Clair*