**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**WICHITA FALLS DIVISION**

X.AI LLC, X.AI HOLDINGS LLC, and X Corp.,

*Plaintiffs*,

v.

ASHLEY ST. CLAIR,

*Defendant*.

Case No. 7:26-cv-00005

**RESPONSE TO DEFENDANT'S**
**"RULE 56(d) AFFIDAVIT" AND BRIEF IN SUPPORT THEREOF**

## TABLE OF CONTENTS

INTRODUCTION .......... 1

LEGAL STANDARD .......... 3

ARGUMENT .......... 5

I. Defendant Did Not Diligently Pursue Discovery .......... 5

II. Defendant Has Not Set Forth Specific Facts Outside Of Her Knowledge That Would Influence The Pending Motion .......... 9

III. Defendant Has Failed To Allege With Specificity Any Discovery Needed Regarding Her Assent To The X Terms Of Service .......... 12

CONCLUSION .......... 12

## TABLE OF AUTHORITIES

**Cases** **Page(s)**

*Am. Fam. Life Assurance Co. of Columbus v. Biles*
714 F.3d 887 (5th Cir. 2013) .................... 2, 4, 10

*Bailey v. KS Mgmt. Servs., L.L.C.*
35 F.4th 397 (5th Cir. 2022) .................... 2, 3, 4

*Baker v. Am. Airlines, Inc.*
430 F.3d 750 (5th Cir. 2005) .................... 2, 4, 5, 8

*Beattie v. Madison Cnty. Sch. Dist.*
254 F.3d 595 (5th Cir. 2001) .................... *passim*

*Dominick v. Mayorkas*
52 F.4th 992 (5th Cir. 2022) .................... 5, 6, 8

*Enplanar, Inc. v. Marsh*
11 F.3d 1284 (5th Cir. 1994) .................... 5

*Gabarick v. Laurin Maritime (America), Inc.*
406 F. App'x 883 (5th Cir. 2010) .................... 8

*George v. Go Frac, LLC*
2016 WL 94146 (W.D. Tex. Jan. 7, 2016) .................... 8

*Hinds v. Dallas Indep. Sch. Dist.*
188 F. Supp. 2d 664 (N.D. Tex. 2002) .................... 11

*Jacked Up, L.L.C. v. Sara Lee Corp.*
854 F.3d 797 (5th Cir. 2017) .................... 2, 3, 8

*Jackson v. Riebold*
815 F.3d 1114 (8th Cir. 2016) .................... 11

*L.A. Pub. Ins. Adjusters, Inc. v. Nelson*
17 F.4th 521 (5th Cir. 2021) .................... 2, 7

*Lillie v. Off. of Fin. Insts.*
997 F.3d 577 (5th Cir. 2021) .................... 2, 6, 8

*McCarty v. Thaler*
376 F. App'x 442 (5th Cir. 2010)........................................................................................ 7

*McKay v. Novartis Pharm. Corp.*
751 F.3d 694 (5th Cir. 2014)........................................................................... 3, 6, 9, 10

*Midwest Emps. Cas. Co. v. Williams*
161 F.3d 877 (5th Cir. 1998)................................................................................................ 7

*Prospect Cap. Corp. v. Mut. of Omaha Bank*
819 F.3d 754 (5th Cir. 2016)................................................................................................ 4

*Raby v. Livingston*
600 F.3d 552 (5th Cir. 2010)............................................................................................ 2, 4

*Rashid v. Delta State Univ.*
306 F.R.D. 530 (N.D. Miss. 2015)....................................................................................... 7

*Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*
730 F.3d 23 (1st Cir. 2013) ............................................................................................. 2, 8

*Rodriguez v. Webb Hosp. Corp.*
234 F. Supp. 3d 834 (S.D. Tex. 2017) .............................................................................. 12

*Smith v. Reg'l Transit Auth.*
827 F.3d 412 (5th Cir. 2016)............................................................................................ 4, 9

*Squyres v. Heico Cos., L.L.C.*
782 F.3d 224 (5th Cir. 2015)............................................................................................ 2, 6

*St. Bernard Parish v. Lafarge N. Am., Inc.*
550 F. App'x 184 (5th Cir. 2013)................................................................................... 3, 10

*Taylor v. Vaughn*
2016 WL 11588707 (W.D. Tex. July 25, 2016) .............................................................. 9, 10

*United States ex rel. Folliard v. Gov't Acquisitions, Inc.*
858 F. Supp. 2d 79 (D.D.C. 2012) .................................................................................... 12

*United States ex rel. Johnson v. Raytheon Co.*
563 F. Supp. 3d 599 (N.D. Tex. 2021)................................................................................ 4

*Victor F. v. Pasadena Indep. Sch. Dist.*
793 F.2d 633 (5th Cir. 1986)................................................................................................ 2

*Washington v. Allstate Ins. Co.*
901 F.2d 1281 (5th Cir. 1990) ........................................ *passim*

*Winans v. McKay*
2025 WL 3092771 (5th Cir. Nov. 5, 2025) ........................................ 6, 8

**Rules**

Fed. R. Civ. P. 6(b)(1) ........................................ 7

Fed. R. Civ. P. 6(b)(1)(B) ........................................ 2, 7

Fed. R. Civ. P. 7(b)(1) ........................................ 1

Fed. R. Civ. P. 16(b)(4) ........................................ 7

Fed. R. Civ. P. 26(d)(1) ........................................ 5

Fed. R. Civ. P. 26(f) ........................................ 1, 5

Fed. R. Civ. P. 56(d) ........................................ *passim*

N.D. Tex. Civ. R. 7.1 ........................................ 2

## INTRODUCTION

Defendant asks the Court to deny or defer Plaintiffs' motion for partial summary judgment (ECF No. 65) so that she can take discovery. But Defendant never sought to take any discovery despite having had every opportunity to do so.[1] Largely adopting the schedule the parties themselves proposed, the Court ordered "all discovery" to be "completed" by October 2, 2026, and dispositive motions to be filed by November 2, 2026—deadlines the Court made clear were "firmly in place." ECF No. 43 at 2; *id* at 2, 4 (¶¶ 3, 6). Defendant let the entire discovery period pass without serving a single request. Although the parties agreed to a self-imposed stay of discovery pending the Court's decision on Defendant's motion to dismiss (memorialized in a stipulation filed August 7), Defendant served no discovery requests in the ***nearly 60 days*** between the parties' Rule 26(f) conference (June 11) and that August 7 self-imposed discovery stay. Nor did Defendant *ever* seek to move any of the deadlines set forth in the operative scheduling order. And when the Court denied her motion to dismiss with 13 days left before dispositive motions were due, she still sat on her hands. Only on a Sunday—***a month after*** discovery closed and one day before dispositive motions were due—did she finally serve her first discovery requests, in a patent, belated attempt to stave off summary judgment. *See* Goldman Decl. ¶¶ 11, 15–21. Rule 56(d) protects parties who diligently pursue discovery but cannot get it, not a party who was the opposite of diligent.

Defendant's request fails for three independent reasons.[2] *First*, Defendant was clearly not diligent. A party seeking relief under Rule 56(d) must prove that she "diligently pursued

---

[1] The relevant background is set forth in the accompanying Declaration of Brian T. Goldman ("Goldman Decl.") and is discussed further below.

[2] Although styled as an "affidavit," Defendant's filing asks the Court to deny or defer Plaintiffs' motion for partial summary judgment and to grant her additional time to respond. However, a "request for a court order must be made by motion," Fed. R. Civ. P. 7(b)(1), yet Defendant did not

discovery." *Bailey v. KS Mgmt. Servs., L.L.C.*, 35 F.4th 397, 401 (5th Cir. 2022) (quoting *Jacked Up, L.L.C. v. Sara Lee Corp.*, 854 F.3d 797, 816 (5th Cir. 2017)), and a party who has not done so "is not entitled to relief," *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001). The Fifth Circuit has repeatedly affirmed denials of Rule 56(d) relief where the nonmovant failed to use the discovery period, *see Baker v. Am. Airlines, Inc.*, 430 F.3d 750, 756 (5th Cir. 2005); *Beattie*, 254 F.3d at 606, sought discovery only in "response" to a summary judgment motion, *see Jacked Up*, 854 F.3d at 816; *Lillie v. Off. of Fin. Insts.*, 997 F.3d 577, 587 (5th Cir. 2021), or relied on a "self-imposed" agreement to postpone discovery, *see Squyres v. Heico Cos., L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015). Each of those failings is present here. Similarly, Defendant's "lackadaisical approach to discovery," *Rivera-Almodovar v. Instituto Socioeconomico Comunitario, Inc.*, 730 F.3d 23, 27 (1st Cir. 2013), and "misunderstanding" of this Court's scheduling order "weigh[] heavily against a finding of excusable neglect" to justify belatedly reopening discovery under Rule 6(b)(1)(B), *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 525 (5th Cir. 2021).

*Second*, Defendant has not identified with specificity any facts outside her own possession that would influence the outcome of the pending motion. A nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts," *Am. Fam. Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 894 (5th Cir. 2013) (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)), and Rule 56(d) offers no relief where the needed evidence is "completely within [the nonmovant's] control," *McKay v. Novartis Pharm. Corp.*, 751

---

file her request as a motion or comply with the requirements of the Local Civil Rules governing motions, such as that her counsel confer with Plaintiffs' counsel before making her request, *see* N.D. Tex. Civ. R. 7.1. Failure to comply with the local rules is an independent ground for denying Defendant's request. *See Victor F. v. Pasadena Indep. Sch. Dist.*, 793 F.2d 633, 635–36 (5th Cir. 1986). Out of an abundance of caution, Plaintiffs nonetheless respond to Defendant's request.

F.3d 694, 700 (5th Cir. 2014) (quoting *St. Bernard Parish v. Lafarge N. Am., Inc.*, 550 F. App'x 184, 187–88 (5th Cir. 2013)). Defendant's counsel's affidavit offers only generic references to contract formation, validity, and voidability. The one concrete topic she identifies—the creation of her own X.AI account—turns on facts within her own knowledge, which is already in the summary judgment record. Moreover, because Plaintiffs' records show that no X.AI account could be created without assenting to the X.AI Terms of Service, further discovery "is not likely to produce the facts needed" to withstand summary judgment. *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990).[3]

*Third*, Defendant does not identify any discovery that is needed concerning the claims pertaining to breach of the X Terms of Service (Counts II and IV), so, at a minimum, Plaintiffs' summary judgment motion as to the X Terms of Service should continue in the ordinary course, and the Court could defer decision on the Rule 56(d) request until it resolves the motion for summary judgment as to those claims.

## LEGAL STANDARD

Rule 56(d) permits a court to defer or deny a summary judgment motion, or to allow time to take discovery, only "[i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." Fed. R. Civ. P. 56(d). The burden rests squarely with the nonmovant, who "must make two showings": (i) that she "diligently pursued discovery," and (ii) that "additional discovery will create a genuine issue of material fact." *Bailey*, 35 F.4th at 401 (quoting *Jacked Up*, 854 F.3d at 816).

[3] In 2010, Rule 56 was recodified and "former subdivision (f)" was "carrie[d] forward without substantial change" by Rule 56(d). *See* Fed. R. Civ. P. 56(d) advisory committee's note to 2010 amendment.

On the first showing, if the nonmovant "has not diligently pursued discovery," she "is not entitled to relief," and the court "need not address whether [she] has shown why she needs additional discovery to create a genuine issue of material fact." *Beattie*, 254 F.3d at 606. "The trial court need not aid non-movants who have occasioned their own predicament through sloth." *Baker*, 430 F.3d at 756 (citation modified). Accordingly, the Fifth Circuit affirms denials of Rule 56(d) requests where a nonmovant "failed to conduct discovery during a period in which it was permitted to do so." *Bailey*, 35 F.4th at 404 (collecting cases). Courts in this District apply the same rule. *See, e.g.*, *United States ex rel. Johnson v. Raytheon Co.*, 563 F. Supp. 3d 599, 622 (N.D. Tex. 2021) (denying Rule 56(d) relief where non-movant offered no evidence "that he even attempted to obtain such discovery").

On the second showing, the nonmovant "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Biles*, 714 F.3d at 894 (quoting *Raby*, 600 F.3d at 561). Rather, she "must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* (citation modified). Discovery "may be cut off when the record shows that the requested discovery is not likely to produce the facts needed . . . to withstand a motion for summary judgment." *Washington*, 901 F.2d at 1285. The Fifth Circuit thus routinely affirms denials of Rule 56(d) requests where a nonmovant "has failed to identify sufficiently specific or material evidence to affect a summary judgment ruling." *Smith v. Reg'l Transit Auth.*, 827 F.3d 412, 423 (5th Cir. 2016) (citing *Prospect Cap. Corp. v. Mut. of Omaha Bank*, 819 F.3d 754, 757–58 (5th Cir. 2016)); *see Biles*, 714 F.3d at 894–95 (affirming denial where requested deposition was unlikely to bear on the "only disputed fact issue"); *Enplanar, Inc. v. Marsh*, 11 F.3d 1284, 1292

(5th Cir. 1994) (affirming denial where nonmovant did not explain "how the sought-after discovery might reasonably be supposed to create a factual dispute").

## ARGUMENT

### I. Defendant Did Not Diligently Pursue Discovery

Defendant's request fails at the threshold because she did not pursue discovery "diligently." Defendant's counsel appeared on June 8, 2026, and the parties held their Rule 26(f) conference on June 11, after which Defendant was free to serve discovery. Goldman Decl. ¶¶ 8–9; *see* Fed. R. Civ. P. 26(d)(1). In their joint status report, the parties identified the very topics on which Defendant now claims she needs discovery: "the facts and circumstance[s] of Defendant's sign up for" her "xAI account," and Defendant's "assent to the . . . xAI Terms of Service." ECF No. 42 at 4; Goldman Decl. ¶ 10. On June 30, the Court set October 2, 2026, as the deadline for "all discovery," and November 2, 2026, as the dispositive-motions deadline, and explained that those deadlines were "firmly in place." ECF No. 43 at 2; *id.* at 2, 4 (¶¶ 3, 6); Goldman Decl. ¶ 11. Defendant thus knew when discovery would close and when summary judgment motions were due. *See Baker*, 430 F.3d at 756 (nonmovant "knew (or should have known) the briefing schedule and the discovery period" but "failed to act diligently in the pursuit of evidence").

The parties' August 7 stipulation to stay discovery pending resolution of Defendant's motion to dismiss does not excuse Defendant's inaction. ***She served no discovery between the June 11 conference and the August 7 stay***—a period of fifty-seven days—even after claiming in her July 2 initial disclosures that "discovery will soon be underway." Goldman Decl. ¶¶ 12, 21. That suffices to show a lack of diligence. In *Dominick v. Mayorkas*, the Fifth Circuit affirmed the denial of Rule 56(d) relief where the nonmovant "took no action to engage in discovery" for a comparable fifty-seven-day period during which discovery was available, and "declined to explain the 57-day delay in her Rule 56(d) declaration." 52 F.4th 992, 995 (5th Cir. 2022). Likewise, in

*Winans v. McKay*, the court found no diligence where the nonmovant "wasted over a month of the discovery period before engaging" in discovery and "offer[ed] no explanation for the delay." 2025 WL 3092771, at *2 (5th Cir. Nov. 5, 2025). "Having dawdled for [months], [Defendant has] no right to a judicial rescue." *Lillie*, 997 F.3d at 587 (affirming denial of Rule 56(d) relief).

Moreover, the self-imposed discovery stay did not ask the Court to move any deadline. Goldman Decl. ¶ 15. Nor could the parties have moved the dispositive-motions deadline by agreement: the Scheduling Order permits the parties to extend the discovery deadline only if "the extension does not affect the trial setting, dispositive motions deadline, challenges to experts deadline, or pretrial submission dates" and "written notice of the extension is given to the Court." ECF No. 43 at 4 (¶ 6). Any other modification, including a delay of the deadline for dispositive motions, requires "a showing of good cause and [] leave of court." *Id.* at 9–10 (¶ 12). Defendant thus agreed to the stay knowing the November 2 deadline remained fixed. "[A] party suspends discovery at [her] own risk." *Beattie*, 254 F.3d at 606; *see Dominick*, 52 F.4th at 995 (same); *see also Squyres*, 782 F.3d at 237–38 (affirming denial of Rule 56(d) relief where only explanation for delay was parties' "self-imposed" agreement to postpone discovery pending a motion to dismiss, and nonmovant "made no attempt to explain why he then waited" after that motion was decided).

Defendant's conduct after the stay ended is even less excusable. The Court denied Defendant's motion to dismiss on October 20, 2026—after the discovery deadline had passed and thirteen days before dispositive motions were due. Goldman Decl. ¶ 16. Defendant did not move to reopen discovery, seek to modify the Scheduling Order, or propound any discovery. *Id.* Only after Plaintiffs' counsel asked for her position on a sealing motion in connection with summary judgment did she act; on Sunday, November 1, she served her first discovery requests. *Id.* ¶¶ 17–19. That was one month after discovery had closed, one day before dispositive motions were due,

and more than nine months after this case was filed. *Id.* ¶ 21. And it remains the only discovery Defendant has sought in this matter. *Id.*

After she blew past the discovery deadline, the proper course would have been for Defendant to move for the Court to reopen discovery pursuant to Rule 6(b)(1)(B) (governing after-the-fact extensions) and 16(b)(4) (governing changes to scheduling orders). In "seeking an after-the-fact extension," Defendant would have had to "bear[] the heavier burden of demonstrating both 'good cause' and 'excusable neglect.'" *Rashid v. Delta State Univ.*, 306 F.R.D. 530, 533 (N.D. Miss. 2015) (quoting Fed. R. Civ. P. 6(b)(1)); *see also McCarty v. Thaler*, 376 F. App'x 442, 443–44 (5th Cir. 2010) (requiring a showing of "good cause *and* excusable neglect" (emphasis added)). But she has never sought such an extension, and anyway, Defendant's "simple misunderstanding" of the unambiguous scheduling order would "weigh[] heavily against a finding of excusable neglect." *L.A. Pub. Ins. Adjusters*, 17 F.4th at 525. Indeed, the Fifth Circuit has "held that a district court abused its discretion by granting an extension of time based on an attorney's misreading of a time-limit set by the Federal Rules even when the district court had found that the intricacies of the Rule at issue were 'a trap for the unwary.'" *Id.* at 525–26 (quoting *Midwest Emps. Cas. Co. v. Williams*, 161 F.3d 877, 880 (5th Cir. 1998)). All the more so for a misconstruction of a scheduling order that says an extension to the discovery deadline could only be effective if "written notice of the extension is given to the Court" and would "**not affect** the . . . dispositive motion deadline." ECF No. 43 at 4 (¶ 6) (emphasis in original). Instead of proceeding in accordance with the Federal Rules and the operative Scheduling Order, Defendant served late, last-minute discovery requests and moved for Rule 56(d) relief. Defendant should not be able to avoid this result under Rule 6(b)(1)(B)'s "excusable neglect" standard because she *ignored* the requirement that she move for permission to reopen discovery. She cannot "show that her failure

to request an extension in a timeous manner constitutes excusable neglect" given her entirely "lackadaisical approach to discovery." *Rivera-Almodovar*, 730 F.3d at 26–27.

The Fifth Circuit has affirmed denials of Rule 56(d) relief on far more sympathetic facts. In *Baker*, an appeal from this District, the nonmovant served discovery *within the discovery period*, but so late that responses would not arrive until after summary judgment briefing; the court denied relief, observing that the nonmovant's "problem [was] one of her own making." 430 F.3d at 756. Similarly, in *Beattie*, relief was denied for a nonmovant who had 16 days before the discovery deadline to seek an extension but "waited until after defendants had filed their motion for summary judgment." 254 F.3d at 606. And in *Jacked Up* and *Lillie*, denial of relief was affirmed because, similar to here—where Defendant interposed discovery only after receiving notice of Plaintiffs' forthcoming summary judgment motion by way of an email concerning sealing—the nonmovant first sought judicial assistance "in response to [the] summary judgment motion." *Jacked Up*, 854 F.3d at 816; *Lillie*, 997 F.3d at 587; *see also Winans*, 2025 WL 3092771, at *2 (noting that "waiting until days before the deadline to serve discovery does not demonstrate diligence" (citation modified)). Defendant's Rule 56(d) affidavit offers no explanation for her failure to timely seek discovery beyond the self-imposed discovery stay and the motion-to-dismiss ruling, which, as explained above, in no way explains her failure to seek discovery during the two months that preceded the self-imposed discovery stay. *See* ECF No. 70 (56(d) Aff. ¶¶ 25–26); *Dominick*, 52 F.4th at 995 (affirming denial of relief where nonmovant "declined to explain the . . . delay").

The case law Defendant relies on is inapposite. In *George v. Go Frac, LLC*, for example, no scheduling order was entered and no discovery had been scheduled. 2016 WL 94146, at *3 (W.D. Tex. Jan. 7, 2016). And in *Gabarick v. Laurin Maritime (America), Inc.*, discovery had been delayed by a Coast Guard investigation, and the district court had granted summary judgment

based on the nonmovant's own inconsistent pleadings rather than on evidence. 406 F. App'x 883, 887 n.1, 889–90 (5th Cir. 2010). Here, the Court set a schedule, the discovery period opened and closed, and Defendant never sought discovery until the eve of the summary judgment deadline. Because Defendant "has not diligently pursued discovery," she "is not entitled to relief" under Rule 56(d), and the Court need go no further. *Beattie*, 254 F.3d at 606.

## II. Defendant Has Not Set Forth Specific Facts Outside Of Her Knowledge That Would Influence The Pending Motion

Independent of Defendant's lack of diligence, Rule 56(d) relief is improper for two further reasons: (1) her vague descriptions of the sought-after discovery are insufficient, and the little she does identify is evidence within her (not Plaintiffs') possession (indeed, the evidence is already in the summary judgment record); and (2) additional discovery would not affect the resolution of Plaintiffs' pending summary judgment motion.

*First*, Defendant's Rule 56(d) affidavit generically asserts that discovery is required to "resolve th[e] dispute regarding the enforcement, validity, obligations, voidability, and/or breach as to the alleged contracts between herself and Plaintiffs." ECF No. 70 (56(d) Aff. ¶ 30).; *see id.* ¶ 25 (adverting to "material disputes of fact as to contract formation, validity and voidability of any such contract(s), and fault as to Plaintiffs' allegations of breach"); *id.* at ¶ 31 (generically asserting "Defendant also raises a number of affirmative defenses based in material facts that are presently in dispute and require further discovery to establish[.]"). These generic assertions fail: Defendant "may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts." *Smith*, 827 F.3d at 423 (quoting *Washington*, 901 F.2d at 1285).

Defendant's scattershot attempts at specificity do not satisfy the standard. Rule 56(d) relief is available only "when facts are unavailable to the nonmovant." *Taylor v. Vaughn*, 2016 WL 11588707, at *4 (W.D. Tex. July 25, 2016) (quoting Fed. R. Civ. P. 56(d)); *see also McKay*, 751

F.3d at 700 ("McKay did not need formal discovery to request his own medical records; therefore, it is of no moment that discovery was stayed at the time of summary judgment."); *Lafarge*, 550 F. App'x at 187–88 ("The discovery needed by the Parish . . . was not dependent on the defendant but rather facts and reports completely within its control.").

Here, the only specific item Defendant claims she needs discovery into is the circumstances concerning the creation of ***her own*** X.AI account. *See* ECF No. 70 (56(d) Aff. ¶ 18) (alleging "that she never signed up for xAI and was able to access it after the public launch through the account created for her"). But how she signed up for X.AI and whether she went through a sign-up screen is something *she* would know, rendering Rule 56(d) inapplicable. *See Taylor*, 2016 WL 11588707, at *4; *McKay*, 751 F.3d at 700; *Lafarge,* 550 F. App'x at 187–88. To the extent that Defendant hopes to discover additional evidence about the creation of her X.AI account from Plaintiffs, the record contains testimony that at the time Defendant signed up for X.AI, *all* users had to assent to its Terms of Service. *See* ECF No. 67 (App. 141–46). Defendant's mere "hope[]" that that there is some *other*, contradictory evidence in X.AI's custody that would align with her story is insufficient. *Biles*, 714 F.3d at 894; *see id.* ("At the time Appellants requested the additional discovery, Hammond had already submitted an affidavit attesting that he witnessed the decedent sign the policy and the arbitration acknowledgment form.").

In fact, Defendant's evidence on this score is already in the summary judgment record. The relevant affidavits Defendant submitted to contest her assent to the X.AI Terms of Service and the circumstances of the creation of her account in the Southern District of New York litigation, *St. Clair v. X.AI Holdings Corp., et al.*, No. 1:26-cv-00386 (S.D.N.Y.), are in Plaintiffs' Appendix accompanying their motion for summary judgment. *See* ECF No. 67 (App. 302–21). Indeed, the very affidavit that Defendant attached to the Rule 56(d) affidavit is in the Appendix.

*Compare* ECF No. 70-2 *with* ECF No. 67 (App. 302–14).[4] Because the evidence about how she signed up is in the record, she cannot "present[] specific facts explaining h[er] inability to make a substantive response." *Hinds v. Dallas Indep. Sch. Dist.*, 188 F. Supp. 2d 664, 678 (N.D. Tex. 2002).

*Second*, Rule 56(d) relief is improper when "the record shows that the requested discovery is not likely to produce the facts needed by the plaintiff to withstand a motion for summary judgment." *Washington*, 901 F.2d at 1285. That is the case here. Plaintiffs have submitted corporate records showing that Defendant's X.AI account was created on December 10, 2024, ECF No. 67 (App. 149), and sworn testimony that to create that account Defendant "was required to sign up by either going to grok.com or downloading the Grok application," *id.* (App. 141). Thus, "no user may create an X.AI account" without being taken to the sign-up page and agreeing to the X.AI Terms of Service. *Id.* (App. 142–43). And contrary to Defendant's speculation, "[a]ll X.AI account holders, whether or not they participated in" the "Early Access to xAI" program "had to create an X.AI account" to use X.AI. *Id.* (App. 145). This was true even of individuals, such as Defendant, who claim they were "invited to beta test the application." *Id.* (App. 146). That she is unhappy with what the unrebutted evidence shows is not a recognized basis to grant Rule 56(d) relief. *See Jackson v. Riebold*, 815 F.3d 1114, 1122 (8th Cir. 2016) (affirming denial of Rule 56(d) relief where the proponent "argued that he needed additional discovery to obtain the [defendant's] video footage of the night in question to support his version of events" but the defendant "produced [a] declaration . . . which avers" that the defendant "has no video footage.").

[4] Every business record provided by Plaintiffs at summary judgment was previously provided to Defendant in connection with the transfer motion in the Southern District of New York. *See* ECF No. 67 (App. 3 n.1, 141 n.2).

## III. Defendant Has Failed To Allege With Specificity Any Discovery Needed Regarding Her Assent To The X Terms Of Service

Finally, Defendant has not alleged with any specificity that additional discovery is needed with respect to her assent to the X Terms of Service. Accordingly, summary judgment on Counts II and IV should proceed regardless, contrary to Defendant's suggestion that summary judgment should be deferred entirely. *See United States* ex rel. *Folliard v. Gov't Acquisitions, Inc.*, 858 F. Supp. 2d 79, 82–84 (D.D.C. 2012) (granting in part a Rule 56(d) motion and ruling on the count of summary judgment that was ripe for review); *cf. Rodriguez v. Webb Hosp. Corp.*, 234 F. Supp. 3d 834, 842 (S.D. Tex. 2017) (denying request to delay summary judgment to permit additional discovery when "the information requested would not affect the outcome of Defendant's Summary Judgment Motion" which was decided on a different theory). And even if the Court were to believe that further discovery were necessary as to the X.AI breach claims (Counts I and III)—and it should not, for all the reasons set out above—it should defer that discovery pending resolution of Plaintiffs' motion for partial summary judgment on Counts II and IV. This path would best preserve the Court's and the parties' resources, because if partial summary judgment is entered on Counts II and IV, Plaintiffs can then evaluate whether further prosecution of Counts I and III is necessary at all.[5]

## CONCLUSION

Defendant's request that Plaintiffs' motion for partial summary judgment be denied or deferred should be rejected, and Defendant should respond to the motion for partial summary judgment by November 23, 2026.

---

[5] As Plaintiffs discuss in their summary judgment brief, the X.AI plaintiffs here can recover their full damages for breach of the X Terms of Service, pursuant to, e.g., the third-party beneficiary provision in Version 21 of the X Terms of Service. *See* ECF No. 66 at 19, 28–29.

Dated: November 13, 2026
New York, New York

Respectfully submitted,

*/s/ Charles W. Fillmore*

Charles W. Fillmore
Texas Bar No. 00785861
BROWN PRUITT WAMBSGANSS
DEAN FORMAN & MOORE, P.C.
201 Main Street, Suite 700
Fort Worth, TX
Tel.: 817.333.4888
cfillmore@brownpruitt.com

*/s/ Daniel M. Sullivan*

Michael S. Shuster
Daniel M. Sullivan
Gregory J. Dubinsky
Brian T. Goldman
HOLWELL SHUSTER & GOLDBERG LLP
425 Lexington Ave., 14th Floor
New York, New York 10017
Tel: 646.837.5151
mshuster@hsgllp.com
dsullivan@hsgllp.com
gdubinsky@hsgllp.com
bgoldman@hsgllp.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

The undersigned certifies that Plaintiffs' Response to Defendant's Rule 56(d) Affidavit and Brief in Support Thereof was electronically filed on November 13, 2026.

Dated: November 13, 2026
New York, New York

*_/s/ Brian T. Goldman_*
Brian T. Goldman